**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
   Plaintiff,    CIVIL ACTION NO. 08-11912

 vs.         DISTRICT JUDGE GEORGE CARAM STEEH

FIVE THOUSAND TWO HUNDRED DOLLARS IN U.S. CURRENCY ($5200.00).  MAGISTRATE JUDGE MONA K. MAJZOUB
   Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF UNITED STATES OF AMERICA'S MOTION TO COMPEL ANSWERS TO REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO CLAIMANT TELANO WHITE (DOCKET NO. 13)**

  This matter comes before the Court on Plaintiff's Motion to Compel Answers to Requests for Admission, Interrogatories and Requests for Production of Documents to Claimant Telano White filed on September 8, 2008 with a supporting Declaration of Philip A. Ross. (Docket nos. 13, 14). Claimant White did not file a response. Plaintiff filed an Amended Declaration of Philip A. Ross on September 30, 2008. (Docket no. 17). Plaintiff filed a Statement of Unresolved Issues on October 15, 2008. (Docket no. 19). The Court scheduled oral argument on this motion for October 22, 2008 and provided notice to Claimant White. (Docket no. 16). Claimant White failed to appear for this hearing. This motion and all future discovery motions have been referred to the undersigned for decision. (Docket no. 15). The motion is now ready for ruling.

**I.    Background**

This is an *in rem* forfeiture action against United States currency. On May 22, 2008 Claimant White filed a Claim, Answer and a Motion to Dismiss in response to Plaintiff's Amended Complaint. (Docket nos. 2, 4). Plaintiff shows that it served its First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents on Claimant White on July 8, 2008 . (Docket no. 17, 17-2, 17-3). Claimant White's responses and answers were due on or before August 7, 2008. Plaintiff shows that to date Claimant White has not responded, answered, or objected. (Docket no. 17). Plaintiff asks the Court to compel Claimant White to provide answers and responses to the Discovery Requests within 7 days of entry of the Court's order in this matter and if Claimant White does not comply, strike his claim and answer with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii). Plaintiff also asks the court to extend the period for completion of discovery for taking depositions[1] in the event that Claimant White produces discovery responses and answers. The discovery cut off date in this matter was October 1, 2008 and the dispositive motion cut off date is November 3, 2008. (Docket no. 11). Plaintiff's counsel stated on the record that he has made numerous attempts to contact Claimant White, including serving the pleadings at two separate addresses and Claimant White has not attempted any return contact and the correspondence and documents sent via mail have not been returned. The Court will grant Plaintiff's Motion to Compel in part as set forth herein. The Court will not at this time recommend striking Claimant's claim and

---

[1] On September 19, 2008 Plaintiff also served a Notice of Deposition Subpoena Duces Tecum on Claimant White scheduling his deposition for September 29, 2008 at 1:00 p.m. at the office of the United States Attorney in Detroit and requesting that Claimant bring certain documents with him. Claimant did not appear for deposition and did not contact Plaintiff's counsel to reschedule. (Docket no. 17, Amended Declaration of Philip A. Ross in Support of Order to Compel Answers to Requests for Admission, Interrogatories and Requests for Production of Documents ¶ 9)

answer. If Claimant fails to respond to the discovery requests in a timely manner, Plaintiff may seek further orders from the Court.

**II.     Standard**

Rule 26(b)(1), Fed. R. Civ. P., allows discovery of any matter not privileged that is relevant to a claim or defense of a party. Relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Rule 37(a)(3)(B), Fed. R. Civ. P., allows this Court to compel discovery if a party fails to answer an interrogatory submitted under Rule 33 or properly respond to a request submitted under Rule 34. *See also* Fed. R. Civ. P. 36(a)(6). Rule 37(b)(2) provide a list of sanctions the Court may order if a party fails to obey a discovery order, up to and including striking pleadings in whole or in part and dismissal of that party's action or proceeding, in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(iii) and (v).

**III.    Analysis**

   *A.     Interrogatories*

Plaintiff served 17 Interrogatories on Claimant White. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). A request to produce or provide documents, however, is not properly the subject of an Interrogatory. Interrogatory No. 1 includes a request for copies of documents. Interrogatory No. 10, in addition to seeking tax information, asks Claimant White to complete a Tax Information Authorization Form (the "Form"). The request to complete the Form in Interrogatory No. 10 should be the subject of a Request for Production; it is also duplicative Request for Production No. 5, which contains the same request to complete the Form. The Court will strike the portion of Interrogatory No. 1 that requests copies of documents and the

portion of Interrogatory No. 10 which asks Claimant White to Complete the Form. The Court will order Claimant White to serve signed, complete written answers to Interrogatory Nos. 1-17 on Plaintiff on or before November 14, 2008, except for the request for copies of documents in Interrogatory No. 1 and the request to complete the Form in Interrogatory No. 10.

### B. *Requests for Production*

Plaintiff served five Requests for Production and they are relevant to the claims and defenses in this action. Fed. R. Civ. P. 26(b)(1). The Court will grant Plaintiff's Motion to Compel as to the Requests to Produce to Claimant White and order Claimant to respond and produce responses and documents on or before November 14, 2008.

### C. *Requests for Admission*

Plaintiff served 23 Requests for Admission. Plaintiff did not ask the Court to deem the Requests for Admission admitted[2], but asks the Court to order Claimant White to respond to the Requests within 7 days. The Requests for Admission relate to the circumstances in which Defendant Currency was found, Claimant White's explanation for the source of Defendant Currency, admissions related to the furnishing or intent to furnish Defendant Currency in exchange for a controlled substance and that Defendant Currency is forfeitable under United States law. (Docket no. 17-2). The Requests for Admission are relevant to the claims and defenses in this action. Fed. R. Civ. P. 26(b)(1).

---

[2] A request for admission is deemed admitted unless the responding party serves an answer or objection within 30 days after service of the request. Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

"A party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a). Rule 36 was amended in 1970 to include "the application of law to fact," thereby eliminating the requirement that the matters be "of fact." *See* Fed. R. Civ. P. 36, Advisory Committee Notes, 1970 Amendment. Requests that seek legal conclusions, however, are not allowed under Fed. R. Civ. P. 36. *See Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D.C. Del. 2002) (determining whether a patent is valid would call for a legal conclusion although dependent on factual inquiries); *cf. Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir. 1979) ("That a request seeks admissions on 'ultimate facts,' or is dispositive of the entire case, is irrelevant. . . . The rule expressly states that a party may not refuse to respond to a request on the sole ground that the 'matter of which an admission has been requested presents a genuine issue for trial.'" *Id*.). Plaintiff's Requests for Admission Nos. 22 and 23 seek legal conclusions and are not allowed under Fed. R. Civ. P. 36[3]. The Court will strike Plaintiff's Requests for Admission Nos. 22 and 23 and order Claimant White to answer Requests for Admission Nos. 1-21 on or before November 14, 2008.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Answers to Requests for Admission, Interrogatories, and Requests for Production of Documents to Claimant Telano White is GRANTED in part and Claimant White will serve the following on Plaintiff on or before November 14, 2008:

---

[3] Request for Admission No. 22: Admit that the defendant currency constitutes the proceeds of violations of Title 21 of the United States Code.
Request for Admission No. 23: Admit that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

1. Written and signed answers to Interrogatory Nos. 1 - 17 except that Claimant White is not required to produce the documents that are requested in Interrogatory No. 1 and is not required to provide the Tax Information Authorization Form in answer to Interrogatory No. 10.

2. Responses to and all documents requested by Requests for Production Nos. 1-5, including completing and signing the Tax Information Authorization Form asked for in Request for Production No. 5.

3. Written Answers to Request For Admission Nos. 1 - 21.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is DENIED in part as to the documents requests in Interrogatory Nos. 1 and 10 and Request for Admission Nos. 22 and 23, which are stricken.

**IT IS FURTHER ORDERED** that discovery is extended to November 26, 2008 for the limited purpose of deposing Claimant White following his production of answers, responses and documents as set forth herein.

**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE STRIKING OF CLAIMANT'S CLAIM AND ANSWER WITH PREJUDICE.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 31, 2008   s/ Mona K. Majzoub
                          MONA K. MAJZOUB
                          UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 31, 2008          <u>s Lisa C. Bartlett          </u>
                                 Courtroom Deputy