UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                       CIVIL ACTION NO. 08-CV-11912

    vs.                             DISTRICT JUDGE GEORGE CARAM STEEH

CURRENCY $5200,            MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant,

TELANO WHITE,

    Claimant.
                                /

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**    Plaintiff's Motion To Strike The Claim Of Telano White For Failure To Follow This Court's Order To Respond To Interrogatories filed on January 13, 2009 (docket no. 21) should be GRANTED.

**II.**    **REPORT:**

    *A.*    *Facts and Procedural History*

This is a forfeiture action against Defendant Currency. Plaintiff filed an Amended Complaint on May 12, 2008 and Claimant White filed an Answer and a Motion to Dismiss. (Docket nos. 2, 4). The Defendant In Rem is $5,200 in U.S. Currency that was seized by FBI agents in Detroit, Michigan on or about November 13, 2007 from the inside of a 2007 Cadillac Escalade registered to Cher-Ri J. Pye and driven by Claimant White. (Docket no. 2). Plaintiff claims that Defendant Currency is forfeitable under 21 U.S.C. § 881(a)(6). Defendant Currency is currently in the possession of the United States Marshals Service in the Eastern District of Michigan. (Docket no.

2). Plaintiff claims that Defendant Currency is property constituting the proceeds of, or property used to facilitate, narcotics trafficking in violation of 21 U.S.C. § 841, et seq.

Plaintiff filed a Motion To Strike The Claim Of Telano White For Failure To Follow This Court's Order To Respond To Interrogatories on January 13, 2009. (Docket no. 21). Claimant White did not file a response. The Court ordered Claimant White to Show Cause Why His Claim Should Not Be Stricken For Failure To Comply With A Court Order and ordered Claimant White to Appear before the Court on May 18, 2009. (Docket no. 30). All discovery motions were referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(A). (Docket no. 15). The Court held a hearing on these matters on May 18, 2009. Counsel for Plaintiff appeared and Claimant White did not. The Court makes this Report and Recommendation pursuant to 28 U.S.C. 636(b)91)(B).

**B.    Standard**

Fed. R. Civ. P. 37(b)(2)(A) allows the Court to sanction a party that fails to obey a discovery order.

**C.    Analysis**

On July 8, 2008 Plaintiff served on Claimant White its First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents. (Docket no. 17, 17-3). Claimant's responses and answers were due on August 7, 2008 and Claimant did not object, answer or otherwise respond. On September 8, 2008 Plaintiff moved the Court to compel Claimant White to provide answers and responses to the Discovery Requests. (Docket nos. 13, 14). On October 31, 2008 the Court entered an Opinion and Order Granting in Part and Denying in Part Plaintiff United States of America's Motion to Compel Answers to Requests for Admission, Interrogatories and Requests for Production of Documents to Claimant Telano White. (Docket no. 20). The Court

ordered Claimant to file answers and responses to certain of Plaintiff's discovery requests on or before November 14, 2008 and extended the discovery period to November 26, 2008 for the purpose of deposing Claimant following his production.  The Order stated that "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE STRIKING OF CLAIMANT'S CLAIM AND ANSWER WITH PREJUDICE."  (Docket no. 20).  The Order also stated that "[i]f Claimant fails to respond to the discovery requests in a timely manner, Plaintiff may seek further orders from the Court."  (Docket no. 20).   Plaintiff filed its "Motion: (1) To Strike the Claim of Telano White For Failure To Follow This Court's Order to Respond to Interrogatories" on January 13, 2009 alleging that Claimant White had not complied with the Court's order.  (Docket no. 21).  Claimant has not filed a response.

The Court noticed a hearing on Plaintiff's Motion To Strike for April 15, 2009.  It came to the Court's attention that notices of hearing sent to Claimant White at the address of record, 14306 Westlake Circle, Belleville, Michigan 48111, were returned to the Court as undeliverable.  (Docket nos. 28, 29).  Plaintiff's counsel appeared at the hearing on April 15, 2009 and Claimant White did not appear.  At the hearing, Plaintiff's counsel provided to the Court an additional address at which it has served Claimant White without receiving mail returned as undeliverable.  That address is 4616 Marseilles Street, Detroit, Michigan 48224.  Plaintiff's Certificate of Service shows that Plaintiff's Motion To Strike was served on Telano White at the Detroit, Michigan address.

On April 20, 2009 the Court ordered Claimant White to appear and show cause why his claim should not be stricken for his failure to comply with the Court's October 31, 2008 Opinion and Order Granting In Part And Denying In Part Plaintiff United States Of America's Motion To Compel Answers To Requests For Admissions, Interrogatories And Requests For Production Of Documents

3

To Claimant Telano White.  (Docket no. 30).  The Court served the show cause order at both addresses via certified mail, signature required.  (Docket no. 30).  The Order sent to the Belleville address was returned to the Court as undeliverable.  The Order sent to the Detroit address was accepted and signed for by "Clorene" or "Clarence" "Brooke."  Both the Court and Plaintiff have attempted to serve Claimant White at both addresses.  It is Claimant White's responsibility to keep the Court apprised of his current address.  *See White v. City of Grand Rapids*, 34 Fed. Appx. 210, 211 (6th Cir. 2002) (Plaintiff's "complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

Plaintiff included with its Motion and Brief a Declaration of Philip A. Ross in Support of Order Striking The Claim of Telano White for Failure to Answer Interrogatories, (sic) And Document Production Requests.  (Docket no. 21).  Mr. Ross declared that as of the January 13, 2009 filing date of the Plaintiff's motion, Plaintiff had received no responses from Claimant.  On April 15, 2009 Plaintiff's counsel stated that he had not deposed Claimant and has had no contact with Claimant.  At the May 18, 2009 hearing, Plaintiff's counsel testified that Claimant White had appeared at the Court's July 1, 2008 scheduling conference but had not otherwise appeared before the Court.  (Docket no. 11).

Claimant White has not responded to Plaintiff's Motions or the Court's Show Cause Order.  Claimant White has not responded to Plaintiff Government's discovery requests and did not comply with the Court's discovery order of October 31, 2008.  Claimant White failed to appear for hearings on October 22, 2008,  April 15, 2009 and May 18, 2009 and Claimant White did not appear as ordered by the Court's Show Cause Order despite efforts by the Court and Plaintiff to serve him at both the Detroit and Belleville addresses.

4

Plaintiff asks the Court to dismiss Claimant White's claims pursuant to Fed. R. Civ. P. 37(b)(2)(A). Fed. R. Civ. P. 37(b)(2)(A)(iii) provides that if a party fails to obey an order to provide or permit discovery, the Court may issue further just orders including "striking pleadings in whole or in part." "[D]ismissal under Rule 37 'is a sanction of the last resort, applicable only in extreme circumstances.' A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of the sanctioned party's willfulness, bad faith or fault in failing to comply with a discovery order." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) (citations omitted); *see also United States of America v. $80,048.00*, 2007 WL 1023379 (S.D. Ohio Mar. 30, 2007) ("the Court would have been justified in treating same as a motion to dismiss and granting same, based upon the Claimant's failure to respond to the Government's discovery requests").

The Court finds that Claimant's failure to comply with the Court's discovery order in this instance supports sanctions, including dismissal and Claimant bears the responsibility of apprising the Court of his whereabouts for purposes of notice and prosecuting his claim. For these reasons, the Court should grant United States of America's Motion To Strike The Claim Of Telano White For Failure To Follow This Court's Order To Respond To Interrogatories. (Docket no. 21).

### III.   NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 21, 2009            s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Telano White at 4616 Marseille Street, Detroit, MI 48224-1484 and Counsel of Record on this date.

Dated: May 21, 2009            s/ Lisa C. Bartlett
                               Courtroom Deputy